## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60536

UNITED STATES OF AMERICA,

                Plaintiff - Appellant

v.

RAYMOND LAMONT SHOEMAKER, also known as Ray Shoemaker;
EARNEST LEVI GARNER, JR., also known as Lee Garner,

                Defendants - Appellees

United States Court of Appeals
Fifth Circuit
**FILED**
July 16, 2015
Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Mississippi
USDC Nos. 2:11-CR-38-1; 2:11-CR-38-2

Before HIGGINBOTHAM, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:*

    The Government appeals the district court's order granting Defendants Raymond Lamont Shoemaker and Earnest Levi Garner, Jr. a new trial based on three claimed violations of *Brady v. Maryland*, 373 U.S. 83 (1963). We previously reversed the district court's post-trial grant of a new trial and remanded for reinstatement of the jury verdict and sentencing. *United States v. Shoemaker* ("*Shoemaker I*"), 746 F.3d 614, 633 (5th Cir. 2014). We hold that

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 14-60536 Document: 00513117991 Page: 2 Date Filed: 07/16/2015
Case: 2:11-cr-00038-NBB-DAS Doc #: 301 Filed: 07/16/15 2 of 9 PageID #: 4631

No. 14-60536

the district court's subsequent decision[1] exceeded the boundaries of our mandate in *Shoemaker I* and improperly granted a new trial on a basis not previously raised by Defendants. Accordingly, we REVERSE the district court's order granting a new trial and REMAND with directions.

I.

As set out in *Shoemaker I*, Garner and Shoemaker were charged with crimes related to an alleged bribery and kickback scheme involving their work at a medical center. We will not repeat the factual background of the case, which is set forth in our earlier opinion, and which is known to the parties. *See Shoemaker I*, 746 F.3d at 616–18.

Garner and Shoemaker went to trial on twelve counts of the superseding indictment. The jury found them guilty on all counts. Both Garner and Shoemaker moved for a judgment of acquittal and, in the alternative, a new trial. The district court granted Garner's motion for a judgment of acquittal on Counts One, Two, Four, and Five. In the alternative, the district court granted Garner's motion for a new trial on those counts. The district court granted Shoemaker's motion for a judgment of acquittal as to Counts One and Four; denied acquittal but granted a new trial as to Count Three; and denied Shoemaker's motion as to Counts Six through Twelve. *See generally id.* at 618–19.

The district court based its judgment of acquittal on the Government's failure to prove agency, as required under 18 U.S.C. § 666. The district court also noted Garner's argument that the Government had withheld *Brady* material. Since the district court dismissed the verdicts with respect to Counts One, Two, Four, and Five "for other reasons of law," it declined to rule on the

---

[1] *United States v. Garner* ("*Garner II*"), 31 F. Supp. 3d 856, 861 (N.D. Miss. 2014).

allegations of a *Brady* violation. *United States v. Garner* ("*Garner I*"), No. 2:11-CR-00038, 2012 WL 3643834, at *10 (N.D. Miss. Aug. 23, 2012).

The Government and Shoemaker appealed. The Government appealed the district court's judgment of acquittal and order for a new trial. Shoemaker appealed his conviction and sentence.[2] After combining the appeals, we reversed the district court's judgment of acquittal and grant of a new trial. *Shoemaker I*, 746 F.3d at 633. We also affirmed Shoemaker's convictions on Counts Six through Twelve. With respect to the *Brady* issues, we "conclude[d] that sufficient evidence supported Shoemaker's remaining convictions, and otherwise [found] no errors warranting reversal or a new trial." *Id*. We remanded the case for reinstatement of the jury verdict and sentencing. *Id.*

Instead of resentencing, the district court sua sponte granted Garner and Shoemaker a new trial on Counts One through Five. The district court based its decision on three *Brady* issues: (1) the Government failed to provide Defendants with the sealed, 26-count indictment of David Chandler, the Government's star witness; (2) the Government failed to provide Defendants with copies of interview forms made by FBI agents when Chandler was questioned; and (3) the Government failed to inform Defendants of a false statement made by Chandler during his plea colloquy. *See Garner II*, 31 F. Supp. 3d at 858–62. The Government appealed the district court's order granting a new trial.

## II.

"We review *de novo* a district court's application of the remand order, including whether the law-of-the-case doctrine or mandate rule forecloses the district court's actions on remand." *United States v. Carales-Villalta*, 617 F.3d

---

[2] The district court sentenced Shoemaker to 55 months of imprisonment, three years of supervised release, and a $10,000 fine.

Case: 14-60536     Document: 00513117991     Page: 4     Date Filed: 07/16/2015
Case: 2:11-cr-00038-NBB-DAS Doc #: 301 Filed: 07/16/15 4 of 9 PageID #: 4633

No. 14-60536

342, 344 (5th Cir. 2010) (citing *United States v. Pineiro*, 470 F.3d 200, 204 (5th Cir. 2006)). We review the grant or denial of a new trial for an abuse of discretion. *United States v. Sipe*, 388 F.3d 471, 478 (5th Cir. 2004).

Defendants raised the first two *Brady* claims—the late disclosure of Chandler's 26-count indictment and the FBI interview forms—during the first appeal. We hold that our mandate in *Shoemaker I* barred the grant of a new trial based on these two issues. The transcript of Chandler's plea colloquy, which disclosed the third *Brady* issue, was not available until July 2014; thus, the mandate rule does not bar consideration of this issue which was first raised in the district court's opinion after remand. However, the district court lacked discretion to grant a new trial on a basis, such as this one, not raised by either Defendant.

We begin with the first two *Brady* issues. The law of the case doctrine limits a district court from reexamining issues of law or fact previously decided on appeal. *United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004) (citing *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002)). "The proscription covers issues [the court has] decided expressly and by necessary implication . . ." *Id.* However, the law of the case doctrine is "an exercise of judicial discretion" and not a jurisdictional "limit on judicial power." *Id.* (citing *Messinger v. Anderson*, 225 U.S. 436, 444 (1912)).

The mandate rule is a specific application of the law of the case doctrine. *Lee*, 358 F.3d at 321. Thus, the same principles apply. *Id.* "[T]he mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Id.* The district court "must implement both the letter and the spirit of the appellate court's mandate." *Matthews*, 312 F.3d at 657 (citation and quotation marks omitted). Accordingly, a district court may not decide issues

4

Case: 14-60536 Document: 00513117991 Page: 5 Date Filed: 07/16/2015
Case: 2:11-cr-00038-NBB-DAS Doc #: 301 Filed: 07/16/15 5 of 9 PageID #: 4634

No. 14-60536

of fact or law "previously decided on appeal and not resubmitted to the trial court on remand." *United States v. Teel*, 691 F.3d 578, 583 (5th Cir. 2012) (quoting *Pineiro,* 470 F.3d at 205). As with the law of the case doctrine, this includes issues "expressly or impliedly decided by the appellate court." *Lee*, 358 F.3d at 321. The rule also "bars litigation of issues decided by the district court but foregone on appeal or otherwise waived." *Id.* Where a prior appellate ruling "addressed all avenues of potential relief . . . and rejected each in turn," the mandate rule bars the district court from resurrecting a prior claim. *Perez v. Stephens*, 784 F.3d 276, 281 (5th Cir. 2015).

To determine whether the district court went beyond our mandate, we must first determine the scope of the mandate issued in *Shoemaker I. Matthews*, 312 F.3d at 658. In determining the scope of the mandate, we "should consult [this court's prior] opinion 'to ascertain what was intended by [the] mandate.'" *Tollett v. City of Kemah*, 285 F.3d 357, 364 (5th Cir. 2002) (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 256 (1895)).

The district court's initial decision acquitting Garner and Shoemaker on Counts One, Two, Four, and Five was based on the Government's failure to prove agency. In that decision, the district court noted Garner had raised a *Brady* argument in his motion for a judgment of acquittal. However, the district court concluded that "it will not be necessary to rule on those allegations at this time" as "the verdicts of the counts are ordered dismissed for other reasons of law." *Garner I,* 2012 WL 3643834, at *10.

Shoemaker appealed his conviction for Counts Three and Six through Twelve and his sentence. The Government appealed the district court's judgment with respect to the first five counts. We reversed the district court's order with respect to Counts One through Five. *Shoemaker I*, 746 F.3d at 616. After finding that the district court erred in granting Defendants' motions for

Case: 14-60536      Document: 00513117991      Page: 6      Date Filed: 07/16/2015
Case: 2:11-cr-00038-NBB-DAS Doc #: 301 Filed: 07/16/15 6 of 9 PageID #: 4635

No. 14-60536

judgment of acquittal, we considered the district court's alternative grant of a new trial. *Id.* at 631 (observing that the motions for a new trial "were granted in the alternative, such that even if the judgments of acquittal were vacated on appeal, Garner and Shoemaker would receive new trials."). We vacated the district court's grant of a new trial, finding that the district court had decided the motion on a basis not raised by Defendants with respect to Counts One through Three and on an incorrect basis with respect to Counts Four and Five. *Id.* at 632. We then addressed Shoemaker's arguments on appeal with respect to Counts Six through Twelve:

> Lastly, Shoemaker submits that the Government prejudiced his defense by failing to comply with *Brady v. Maryland*, 373 U.S. 83 (1963) . . . .
>
> We have considered the parties' submissions and reviewed the record. Because we conclude that sufficient evidence supported Shoemaker's remaining convictions, and otherwise find no errors warranting reversal or a new trial, we affirm Shoemaker's convictions on Counts Three and Counts Six through Twelve.

*Id.* at 633. The court then concluded:

> For the foregoing reasons, we VACATE the district court's grants of Garner's and Shoemaker's motions for judgment of acquittal and new trial, AFFIRM Shoemaker's other convictions, and REMAND for reinstatement of the jury verdict and for sentencing.

*Id.*

The district court went beyond our mandate in granting a new trial on the basis of the first two *Brady* issues, even though *Shoemaker I* did not explicitly address the *Brady* arguments as related to Counts One, Two, Four, and Five.[3] During the initial appeal, Shoemaker argued that the *Brady*

---

[3] Garner argues that *Shoemaker I*'s rejection of Shoemaker's *Brady* arguments does not preclude Garner from litigating the issue because the mandate rule does not apply to a codefendant who was not a party to the earlier appeal. Garner was a party to the earlier appeal, however. The Government appealed the judgment of acquittal as to both Shoemaker

Case: 14-60536 Document: 00513117991 Page: 7 Date Filed: 07/16/2015
Case: 2:11-cr-00038-NBB-DAS Doc #: 301 Filed: 07/16/15 7 of 9 PageID #: 4636

No. 14-60536

violations required a new trial. He did not tie his *Brady* arguments or reasoning to any particular counts of the indictment, nor did he indicate that his arguments would have been different as applied to various counts of the indictment. Moreover, the district court's opinion explicitly mentioned Defendants' alternative arguments, which it declined to address.

"As a general rule, a federal appellate court is obligated to uphold a lower court's determination, even though the lower court gave an incorrect reason for its action, if there is some other basis in the record for justifying that action." *Knotts*, 893 F.2d at 761. Shoemaker's brief and the district court's opinion made us aware of the claimed *Brady* violations, and we still determined that a new trial was unwarranted. Our rejection of Shoemaker's appeal and ruling in favor of the Government was "necessarily an adverse ruling on all arguments presented in support" of a new trial, even if *Shoemaker I* did not explicitly address all of those arguments. *Id.* Moreover, this court has "remand[ed] to the district court to hear [the defendant's] remaining arguments for new trial" where that is our intent. *See United States v. O'Keefe*, 128 F.3d 885, 899 (5th Cir. 1997). We could have granted that relief if we deemed it warranted; we chose not to do so. We hold that the mandate rule bars the grant of a new trial based on the first two *Brady* issues.[4]

Though the mandate rule does not bar consideration of the third *Brady*

---

and Garner. Though Garner did not join Shoemaker's appeal, which explicitly discussed the *Brady* violations, the *Brady* arguments were still part of the record on appeal and constituted an alternate basis for upholding the district court's opinion. *Knotts v. United States*, 893 F.2d 758, 761 (5th Cir. 1990). Thus, *Shoemaker I*'s implicit rejection of the *Brady* arguments as a basis for a new trial applies to Garner even though he did not separately appeal. *See Perez*, 784 F.3d at 282 (noting that appellee's failure to raise an issue in the first appeal was "particularly unjustifiable given that the [appellant's] motion to dismiss explicitly placed this issue before the court").

[4] Garner also argues that our holding in *Conway v. Chemical Leaman Tank Lines, Inc.*, 644 F.2d 1059 (5th Cir. Unit A 1981), supports his argument that the district court could consider alternative bases for a new trial on remand. In *Conway*, the plaintiffs raised two issues in a motion for a new trial. *Id.* at 1060. The district court granted the motion based

Case: 14-60536    Document: 00513117991    Page: 8    Date Filed: 07/16/2015
Case: 2:11-cr-00038-NBB-DAS Doc #: 301 Filed: 07/16/15 8 of 9 PageID #: 4637

No. 14-60536

violation,[5] the district court lacked discretion to grant a new trial on that basis. Neither Defendant raised the issue in a motion or during the first appeal; rather, the first mention of it was in the district court's second opinion granting a new trial. *See Garner II*, 31 F. Supp. 3d at 861. "[A] district court does not have the authority to grant a motion for a new trial under [Federal Rule of Criminal Procedure] 33 on a basis not raised by the defendant." *United States v. Nguyen*, 507 F.3d 836, 839 (5th Cir. 2007); *see also Shoemaker I*, 746 F.3d at 631 ("A district court is 'powerless to order a new trial except on the motion of the defendant.'" (quoting *United States v. Brown*, 587 F.2d 187, 189 (5th Cir. 1979)). Thus, we hold that the district court exceeded its authority by granting a new trial based on the third *Brady* issue.

The district court's order granting a new trial is REVERSED and the case is REMANDED with instructions to reinstate the jury verdict, enter

---

on the first ground without reaching or discussing the second ground. *Id.* at 1060–61. The Fifth Circuit reversed on the first ground and remanded to reinstate the jury verdict in favor of the defendant. *Id.* at 1061. None of the parties addressed the second ground in their briefs. *Id.* Upon receipt of the mandate, the district court entered judgment for the defendant. *Id.* The plaintiffs then reurged the second ground from their earlier motion, and the district court granted a new trial on that basis. *Id.* The Fifth Circuit held that the law of the case doctrine did not bar the district court from considering this issue because the issue had not previously been passed upon by the district court or on appeal. *Id.* at 1062.

*Conway* is distinguishable from this case. First, in *Conway*, neither the district court nor the parties on appeal mentioned the second ground for a new trial. 644 F.2d at 1061. The district court in this case explicitly mentioned the *Brady* arguments in its earlier order, and Shoemaker discussed them in his brief on appeal. Thus, the court in *Shoemaker I* was aware of these alternate arguments in the record at the time it made its decision. Second, the district court in *Conway* followed the Fifth Circuit's mandate: it entered judgment for the defendants and only ordered a new trial after the plaintiffs reurged their earlier motion. Here, the district court did not reinstate the jury verdict or sentence Garner and Shoemaker; it sua sponte ordered a new trial in contravention of the mandate. *Cf. United States v. McCrimmon*, 443 F.3d 454, 459 (5th Cir. 2006) (holding that district court "may not disregard the explicit directives of" the appellate court).

[5] As mentioned above, the transcript that disclosed Chandler's false statement in his plea colloquy was not available until months after the opinion issued in *Shoemaker I*. Because this violation involves new evidence and arguments, the mandate rule does not bar its assertion. *Matthews*, 312 F.3d at 657.

Case: 14-60536    Document: 00513117991    Page: 9    Date Filed: 07/16/2015
Case: 2:11-cr-00038-NBB-DAS Doc #: 301 Filed: 07/16/15 9 of 9 PageID #: 4638

No. 14-60536

judgments of conviction on all counts, and conduct a full resentencing that includes all counts of conviction.